```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                          AT NASHVILLE
```

JERRY OLIVIER,                    )
                                  )
        Plaintiff                 )
                                  )   No. 3:17-1471
v.                                )   Chief Judge Crenshaw/Brown
                                  )   **Jury Demand**
KIM McMILLIAN, *et al.*,          )
                                  )
        Defendants                )

**TO:   THE HONORABLE WAVERLY D. CRENSHAW, JR.**

### REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge recommends that the motions to dismiss by all Defendants (Docket Entries 20 and 22) be granted and this case be dismissed with prejudice.

### BACKGROUND

The Plaintiff filed his complaint on November 20, 2017 (Docket Entry 1). Subsequently, the Plaintiff, at the Court's direction, filed an application to proceed *in forma pauperis* (Docket Entry 5) which was denied (Docket Entry 6) and the Plaintiff subsequently paid the filing fee of $400 (Docket Entry 7) on January 23, 2018. The case was referred to the undersigned for case management and a report and recommendation on any dispositive motion (Docket Entry 8).

The complaint filed against the six named Defendants and the Clarksville Police Station alleges violation of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United

States Constitution as well violation of civil rights under Sections 1981, 1983, 1985 and 1986.

The Plaintiff alleges that on August 25, 2016, the Plaintiff was a passenger in his brother's car on Fort Campbell Boulevard in Clarksville when a Clarksville police officer unlawfully stopped the automobile and demanded his brother's driver's license. He states that his brother was subsequently arrested for driving on a suspended Tennessee license. He claimed that his brother had never obtained a Tennessee license since he had a valid Virginia license, his home of domicile.

Plaintiff stated that the officer demanded that he step out of his automobile, but that he refused, fearing for his safety and called 911 for assistance with the officers on the scene. When additional officers arrived from his 911 call he was placed under arrest for calling 911 and he was told they would break into the automobile if he did not step out. He was then arrested on a charge of making an excessive 911 call.

Plaintiff alleges that the officers failed to advise him of his Miranda rights, failed to provide him with his right to misdemeanors, failed to provide him a telephone call within one hour of his arrest, and brought him before a magistrate in a closed court at the jail where the magistrate failed to notify him of his right to counsel, refused to provide him with counsel for an examination hearing, and failed to release him on a misdemeanor

citation, and failed to provide him with his right to bond and forced him to take bail.

Plaintiff stated that he included Mayor McMillian and the Police Chief Ansley in the lawsuit because they were notified of this matter and failed to take any action. He alleged that he and his brother had been unlawfully seized on other occasions and the Mayor and Chief failed to take any action. He alleged that the charges were dismissed against him on November 24, 2016.

Subsequently, all Defendants filed motions to dismiss, supported by memorandum of law (Docket Entries 20 through 23), on April 10, 2018. When the Plaintiff did not respond to the motions, on May 15, 2018, the undersigned gave the Plaintiff seven days from the receipt of the order to either file a response to the motions or to request additional time. As of the date of this report and recommendation the Plaintiff has not responded to the motions or requested additional time.

Both motions are straightforward in that they allege the Plaintiff's claims are barred by the one-year statute of limitations.[1] Because the Magistrate Judge believes that the statute of limitations is controlling other grounds for dismissal are not discussed except to state that clearly a building is not

---

[1] The Defendants McMillian, Ansley, Jones, and Keenom also moved to dismiss on the grounds that they have not been personally served in their individual capacities and that the Clarksville Police Station is not an individual entity subject to suit. The Clarksville Police Station has not been served.

3

subject to suit for violations of the type alleged by the Plaintiff.

## LEGAL DISCUSSION

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, (2007), the Supreme Court disavowed the oft-quoted Rule 12(b)(6) standard from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), which had previously declared that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007). Instead, the *Twombly* Court held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555. The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*.

As the Defendants point out, Tennessee provides a statute of limitations for civil rights violations of one year. T.C.A. § 28-3-104(a)(3). The United States Supreme Court has determined that

4

the State statute of limitations will be applied to Federal civil rights violations. *Wallace v. Kato*, 549 U.S. 384 (2007).

In the *Wallace* case the plaintiff, a minor, was arrested for murder in January 1994. He was tried and convicted, but the charges were ultimately dropped in April 2002. In April 2003 he filed a complaint under 42 U.S.C. § 1983 seeking damages for, among other things, unlawful arrest. The Court held that the statute of limitations on a § 1983 claim seeking damages for false arrest in violation of the Fourteenth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process. Te Court further noted that the statute of limitations in the § 1983 suit is that provided by the State for personal injury courts.

In this case it appears that all of the complaints against all of the Defendants accrued on August 25, 2016. Therefore, even though the charges against the Plaintiff were dismissed on November 24, 2016, the Plaintiff's cause of action for unlawful seizure and false imprisonment accrued on August 25, 2016. In accordance with the Supreme Court's decision, the statute of limitations is not stayed until the dismissal of the criminal charges. The Court specifically held under *Humphries*, 512 U.S. 477, 484 (1994) the statute of limitations began to run when the Plaintiff appeared before a magistrate and was held pursuant to the magistrate's order.

In this case, it would appear that that would have occurred on August 25, or at the latest, August 26. The Court in *Wallace* specifically rejected the argument the statute of limitations was tolled until the date the charges against the Plaintiff were dismissed.

The Plaintiff has come forward with no evidence arguing that there should be some tolling of the statute of limitations or citing to any Tennessee case law that would allow such tolling.

The motion to dismiss under Rule 12(b)(6) "should not be granted 'unless it appears beyond doubt that the plaintiff can prove none of the facts in support of his claim which would entitle him to relief.'" *Dubay v. Wells*, 506 F.3d 422, 427 (6th Cir. 2007). In this case it appears that a reasonable person would know or in the exercise of due diligence should have known both his injury and the cause of that injury in August. *Bishop v. Children's Center for Development Enrichment*, 618 F.3d 533,536 (6th Cir. 2010).

The Magistrate Judge believes that the Defendants have correctly stated the law in their memorandum in support of their motions to dismiss on the statute of limitations. The Plaintiff has failed to respond to the motions and although under Local Rule 7.01(b) can be taken as meaning he does not oppose the motion, nevertheless, the Magistrate Judge has reviewed the complaint and the pleadings to insure that the Defendants have a valid basis for their motion. From a thorough review they do have such a basis and

the Plaintiff has done nothing to rebut the affirmative defense raised by the Defendants.

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that all claims be dismissed with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 6th day of June, 2018.

/s/  Joe B. Brown  
JOE B. BROWN  
United States Magistrate Judge